IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOYCE FRACHISEUR                                                                    PLAINTIFF

v.                                        Case No. 2:15-CV-02027

GRAPHIC PACKAGING INTERNATIONAL, INC.                           DEFENDANT

## **OPINION AND ORDER**

Before the Court are Defendant Graphic Packaging International, Inc.'s ("GPI") motion to dismiss (Doc. 7), Plaintiff Joyce Frachiseur's response (Doc. 11), and GPI's reply (Doc. 15). For the following reasons, the Court finds that GPI's motion should be DENIED.

**I.      Background**

Frachiseur began employment with GPI in 1983. By 2003, Frachiseur had risen to the rank of Glue Operator, a position she filled until her termination. In June of 2012, Frachiseur was diagnosed with breast cancer, which resulted in her taking a leave of absence to undergo cancer treatment. Frachiseur returned to work in January 2013, but was required to maintain a chemotherapy medication port—a type of catheter that protrudes from the skin and is used to deliver chemotherapy treatment.

In the weeks and months following her return to work, Frachiseur began receiving disciplinary actions in the form of verbal or written warnings purportedly due to her job performance.[1] Frachiseur also received a negative employment evaluation for the first time since her employment began in 1983. On December 13, 2013, Frachiseur's employment was terminated by GPI for "less than expected production." (Doc. 1, ¶ 19).

---

[1] The disciplinary actions referenced in the complaint occurred on February 12, 2013, May 11, 2013, August 4, 2013, August 29, 2013, and October 20, 2013.

On June 10, 2014, Frachiseur filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been discriminated or retaliated against based on her age, gender, and/or disability. (Doc. 1-1). On November 12, 2014, the EEOC issued Frachiseur a "Right to Sue" letter for her claims, which provided that Frachiseur had the right to file a lawsuit based on the allegations in her EEOC charge within 90 days. (Doc. 1-2). On February 10, 2015, Frachiseur filed the instant action, wherein she set forth claims for: (1) wrongful termination based on gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII"); (2) wrongful discharge based on age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA"); (3) discrimination based on her disability of breast cancer and cancer treatment under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"); and (4) discrimination based on her gender and/or disability under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et. seq.* ("ACRA").

**II.    Legal Standard**

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556.

### III. Analysis

GPI filed the instant motion to dismiss asserting that certain of Frachiseur's claims are time barred, others are not sufficiently supported by the facts alleged, and that other references to statutes or violations in the complaint do not amount to actionable claims on those respective bases. The Court will address each of these issues in turn.

#### A. Time Barred Claims

A plaintiff bringing a Title VII, ADEA, or ADA claim must first file a timely EEOC charge on the alleged acts of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1) (establishing a 180-day limitation period for filing an EEOC charge for acts of discrimination predicated on Title VII)[2]; 29 U.S.C. § 626(d)(1) (establishing the 180-day limitation period for ADEA claims); 42 U.S.C. § 12117(a) (establishing the 180-day limitation period for ADA claims by adopting the procedural requirements of Title VII). Each discrete discriminatory act starts a new 180-day clock for filing an EEOC charge based on that act. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113

---

[2] A 300-day limitation period applies if "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof . . . ." 42 U.S.C. § 2000e-5(e)(1). No such circumstances are present in this case so as to warrant the 300-day period.

(2002). Discrete discriminatory acts, "such as termination, failure to promote, denial of transfer, or refusal to hire" are not actionable if they are time barred due to not having filed a timely EEOC charge. *Id.* at 113–14. However, the time for filing a charge of discrimination with the EEOC is subject to the doctrines of waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Another particular equitable exception to the 180-day filing period arises from the "continuing violation" theory. A charge of discrimination alleging a continuing violation "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *National R.R. Passenger Corp.*, 536 U.S. at 122 (analyzing the continuing violation theory in relation to a hostile work environment claim). The rationale is that the claim is more properly considered as "composed of a series of separate acts that collectively constitute one unlawful employment practice." *Id.* at 117 (quotations omitted).

In regard to ACRA claims, a plaintiff must bring suit within one year of the alleged violation or within 90 days of a "Right to Sue" letter being issued. Ark. Code Ann. § 16-123-107(c)(3). However, in order for a plaintiff to take advantage of the 90-day time period, the "Right to Sue" letter must have been predicated on a timely filed EEOC charge in relation to the underlying claim. *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 476 (8th Cir. 2010). If the alleged ACRA violation was not a subject of a timely filed EEOC charge and a plaintiff does not file suit on the claim within one year, then the action is time barred. *Id.*

    **1. Operative Date for Frachiseur's EEOC Charge**

In order to properly calculate the 180-day limitations period, the Court must first determine when Frachiseur filed her EEOC charge. Frachiseur dated her EEOC charge June 10, 2014, and

4

the same date is reflected on the fax date stamp from when the charge was transmitted to the EEOC. For the purpose of the instant motion to dismiss, GPI presumes that Frachiseur's EEOC charge was filed on June 10, 2014, as Frachiseur alleges. However, GPI notes that the actual EEOC charge was date stamped as received by the EEOC on July 7, 2014, and contemplates that possibly being the correct operative date in calculating the 180-day limitations period.

The Eastern District of Arkansas recently addressed this issue and found that the date an EEOC charge was initially faxed to the EEOC was the operative date because: (1) the employee signed the forms under penalty of perjury; (2) she dated them with the date she initially faxed them to the EEOC; (3) the fax date stamp confirmed the forms were sent on that date; and (4) the forms contained all of the information required by EEOC regulations. *Buckley v. Univ. of Ark. Bd. of Trustees*, 780 F. Supp. 2d 827, 829 (E.D. Ark. 2011). Because each of these are applicable to the June 10, 2014, date in the instant case, the Courts finds that June 10, 2014, should be the operative date by which to calculate the applicable 180-day limitations period. Accordingly, Frachiseur's EEOC charge is timely for the alleged acts of discrimination occurring on or after December 12, 2013. Furthermore, GPI's alternative arguments for dismissal premised on July 7, 2014 being the operative date are DENIED.

### 2. Count 3: ADA Claims

GPI argues that Count 3 of Frachiseur's complaint, which sets forth claims for ADA violations, should be dismissed due to Frachiseur's failure to file a timely EEOC charge. Specifically, GPI claims that all of the alleged ADA violations are based on allegations of GPI's failure to accommodate Frachiseur's disability of breast cancer and cancer treatment or instances of discriminatory discipline, all of which would have occurred prior to December 12, 2013. However, the Court notes that Count 3 of Frachiseur's complaint, fairly construed, also alleges

that Frachiseur's termination was based on GPI discriminating against her due to her disability. (Doc. 1, ¶ 32) (alleging that GPI engaged in a pattern of discriminatory discipline against Frachiseur until it had compiled enough separate disciplinary actions to have cause for her termination).  Because Frachiseur's termination, which occurred on December 13, 2013, is within the 180-day limitations period for filing an EEOC charge, the Court declines to entirely dismiss Count 3 of the complaint.

As for the allegations of failure to accommodate and discriminatory discipline, the Court finds that these claims also should not be dismissed at this time.  Taken separately, these acts would appear to fall under the category of discrete acts that, because they occurred prior to the 180-day limitations period cutoff of December 12, 2013, should be barred as untimely.  However, accepting as true all of the circumstances alleged, these acts in conjunction with Frachiseur's termination could plausibly constitute repeated conduct that is part of the same unlawful employment practice.  *See National R.R. Passenger Corp.*, 536 U.S. at 115 (discrimination based on a continuing violation "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."). Accordingly, GPI's motion is DENIED insofar as it seeks dismissal of Count 3 of Frachiseur's complaint.

        **3.**     **Count 4: ACRA Claim**

GPI argues that Frachiseur's ACRA claim is time barred because (1) it is clear that no acts of discrimination occurred within the normal one-year statute of limitations for filing an ACRA claim—the complaint was filed February 10, 2015, which is over 1 year after Frachiseur's termination; and (2) Frachiseur did not file a timely EEOC charge based on the allegations of harassment in her ACRA claim, making the 90-day window to file suit after receipt of a "Right to

6

Sue" letter unavailable to Frachiseur in this instance due to the ruling in *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 476 (8th Cir. 2010). While Frachiseur has not met the one-year statute of limitations for her ACRA claim, the Court declines to find that the claim is time barred due to an untimely EEOC charge depriving her of the extended 90-day window to file suit following issuance of a "Right to Sue" letter.

Claims presented under the ACRA for gender or disability discrimination are analyzed under the same principles as Title VII and the ADA, respectively. *Wallace v. Sparks Health System*, 415 F.3d 853, 861 (8th Cir. 2005) (treating a gender discrimination claim the same as a Title VII claim); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002) (analyzing an ACRA disability discrimination claim under ADA principles). The Court has already declined to find that Frachiseur's ADA claim is time barred due to an untimely EEOC charge based on the possibility of a continuing violation. Arguably, the same analysis applies here as Frachiseur's ACRA claim is treated as an ADA or Title VII claim, depending on whether the focus is gender or disability discrimination. The ACRA claim simply adds another theory of recovery for a possible continuing violation of disability discrimination, and includes gender discrimination as a separate possible basis for a continuing violation. As explained above, the Court finds it premature to rule out the possibility of a continuing violation in this case. Because such a continuing violation could make Frachiseur's ACRA claim timely, GPI's motion is DENIED insofar as it seeks dismissal of Count 4 of Frachiseur's complaint.

### B. Sufficiency of Facts Alleged

GPI argues that Frachiseur's claims under Count 1, 2, and 4, even if not time barred, are insufficient as a matter of law due to their lack of factual basis and should be dismissed. While the Court finds that the factual support as a whole is weak, there are sufficient facts alleged

regarding the circumstances of Frachiseur's discipline and termination that, taken as true, allow Counts 1, 2, and 4 to survive the instant motion. Accordingly, GPI's motion to dismiss is DENIED insofar as it seeks dismissal of Counts 1, 2, and 4.

Finally, GPI argues that Frachiseur's vague references to Family Medical Leave Act ("FMLA") violations and retaliation in her complaint are also insufficient as a matter of law to constitute separate actionable violations. In her response to the instant motion, Frachiseur states that retaliation was clearly alleged in her EEOC charge, but makes no mention of FMLA violations and makes no affirmative statement that she intends to bring an FMLA claim against GPI in this action. The Court will not construe a claim on Plaintiff's behalf only to dismiss it without further briefing. As no FMLA or retaliation claims have been raised by Plaintiff, the Court will not issue an advisory opinion as to the viability of those claims were Plaintiff to amend her complaint.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that GPI's motion to dismiss (Doc. 7) is DENIED.

IT IS SO ORDERED this 17th day of August, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE